## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERRY MOBLEY, JR., | : | CIVIL NO. 1:14-CV-00615 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| JAMES BARNACLE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Introduction.

The plaintiff, Gerry Mobley, Jr. ("Mobley"), was given the opportunity to file one final amended complaint in order to cure the deficiencies of his amended complaint. *See doc. 21*. Mobley, however, has not filed a final amended complaint. Thus, we recommend that all claims and defendants previously dismissed without prejudice now be dismissed with prejudice from this action.[1]

### II. Background.

Mobley commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 by filing a complaint on April 1, 2014, followed by an amended complaint on September 17, 2014. In the amended complaint, Mobley raises both federal and

---

[1] We make this recommendation because of the confusion that arose during the May 19, 2016, telephonic discovery conference—and, more specifically,—the confusion regarding what claims and defendants remain in this action. *See generally doc. 41*.

state claims and names the following seven defendants: (1) James Barnacle ("Barnacle"), the DOC's Director for the Office of Special Intelligence and Investigation ("OSII"); (2) Tabb Bickell ("Bickell"), the former Superintendent at SCI Huntingdon; (3) Caleb Younker ("Younker"), a Corrections Sergeant at SCI Huntingdon; (4) James Booher ("Booher"), a Corrections Officer at SCI Huntingdon; (5) Andrew Nickum ("Nickum"), a Corrections Office at SCI Huntingdon; (6) FNU Myers ("Myers"), a Corrections Officer at SCI Huntingdon; and (7) FNU Reed ("Reed"), a Misconduct Hearing Examiner at SCI Houtzdale. *Doc. 8.* The Defendants, who consist of Pennsylvania Department of Corrections' employees, filed a partial motion (*doc. 16*) to dismiss Mobley's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We recommended granting in part and denying in part the Defendants' motion. *Doc. 20.* We further recommended that Mobley be given the opportunity to file one final amended complaint in order to cure the deficiencies of his amended complaint. *Id.* Judge Caldwell adopted our recommendations, granted Mobley leave to file one final amended complaint, and remanded the matter back to the undersigned for further proceedings, including resolution of any dispositive motions should they be filed. *Doc. 21.*

## III. Discussion.

A review of the docket affirmatively reflects that Mobley, despite being given the opportunity to do so, has not filed a final amended complaint. Thus, considering that the deadline for filing a final amended complaint has long since passed, we find that Mobley has forfeited this opportunity.[2] As such, we recommend that the claims and defendants, which were previously dismissed without prejudice, now be dismissed with prejudice from this action. Given this recommendation, we make clear that the only surviving claims and defendants are as follows:

(1)   Count I: First Amendment retaliation claim against Booher;

(2)   Combined Count (Counts IV and IX):[3] Eighth Amendment excessive force claim against Booher, Nickum, Younker, and Myers;

(3)   Count X: Eighth Amendment failure to train and supervise claim against Younker;

(4)   Count XI: State law intentional tort claims for assault and battery against Younker and Myers; and

(5)   Count XII: State law intentional tort claim for intentional infliction of emotional distress against Booher, Nickum, Younker, and Myers.

*See docs. 20, 21.*

---

[2] Although Mobley, during the May 19, 2016, telephonic discovery conference (*see doc. 41*), stated that he was going to file a motion to amend his complaint, he has filed no such motion.

[3] *See doc. 21* at 2, ¶10 (adopting the undersigned's recommendation to consolidate Counts IV and IX into one Eighth Amendment excessive force claim).

## IV. Recommendation.

On the basis of the foregoing, **IT IS RECOMMENDED** that the claims and defendants previously dismissed without prejudice now be dismissed with prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen  (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions. Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **7th** day of **June, 2016**.

_S/ Susan E. Schwab_
Susan E. Schwab
United States Magistrate Judge